**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM C WEBSTER; JOHN C WEBSTER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; US PARK SERVICE, <br><br> Defendants - Appellees. | No. 11-35613 <br><br> D.C. No. 2:10-cv-01678-RSL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 6, 2014[**]

Before: LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Plaintiffs appeal the dismissal of their action against the United States, in

which they assert a variety of tort claims and a violation of the Administrative

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure Act arising from a purported taking of their property without just compensation.  We affirm.

Claim preclusion bars plaintiffs from asserting their claim for "unlawful taking and use of property."  The Court of Federal Claims dismissed plaintiffs' takings claims as untimely because the events giving rise to those claims occurred more than six years before the filing of plaintiffs' action.  *See* 28 U.S.C. § 2501.  It denied plaintiffs' motion for reconsideration and entered Rule 54(b) judgment against them with respect to their takings claims.  Because a dismissal on statute-of-limitations grounds is a final judgment on the merits, *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and plaintiffs assert the same claim against the same party as they did in the Court of Federal Claims, the elements of claim preclusion have been met.  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

In their amended complaint, plaintiffs bring a number of claims that are styled as tort claims (adverse possession, trespass, nuisance, and negligence) but that rely on the alleged taking of their property without just compensation.  To the extent that those claims are simply restatements of plaintiffs' previously dismissed takings claims, they, too, are barred by claim preclusion.

Even if plaintiffs' tort claims are not barred by claim preclusion, they nonetheless fail because they fall outside the Federal Tort Claims Act's two-year statute of limitations. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). Plaintiffs filed a claim for damages with the Department of the Interior in September 2010. Claims accruing before September 2008 are, accordingly, outside the statute of limitations. Plaintiffs have not asserted any tort claims concerning events that occurred within the limitations period.

Finally, plaintiffs seek relief under the Administrative Procedure Act, which provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. But nowhere in their amended complaint do plaintiffs identify any such agency action, much less any actionable conduct falling within the applicable six-year statute of limitations. *See* 28 U.S.C. § 2401(a).

**AFFIRMED.**